# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BERTIN MEDRANO,<br><br>Defendant. | Case No. 24-cr-00226-5 BLF (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: 5/15/2024 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on May 15, 2024, held a detention or release hearing for defendant Bertin Medrano. The Court concluded that Medrano must be detained due to a risk of danger to the community, as explained further below.

Medrano is charged is charged by Indictment in a multi-defendant racketeering conspiracy in violation of 18 U.S.C. § 1962(d). He is presumed innocent of the charges; entered a not guilty plea; and nothing in this order may be construed as evidence of his guilt. Medrano was advised of his rights and appeared at the hearing with his appointed counsel, Alanna Coopersmith. The prosecution was reminded of the Crime Victims Rights Act and the AUSA stated that no crime victim wished to present any information to the Court in connection with the detention or release decision.

Both parties filed briefs on the detention issue (Dkts. 60 and 74) and presented their factual assertions at the hearing by proffer. The parties and the Court were assisted by a pre-bail report prepared by Pretrial Services and dated May 13. Dkt. No. 63. There was also a status appearance on May 13. Ultimately, Pretrial Services recommended detention.

Based on the information presented to the Court and considering all the factors set forth in 18 U.S.C. § 3142(g), the Court determined that the prosecution has shown by more than clear and convincing evidence that there is no combination of conditions that will reasonably assure the safety of the community if Medrano is released. (As to risk of non-appearance, the Court determined that the risk of non-appearance can be mitigated by a combination of conditions; the defendant has significant and long-term employment and familial ties in the district; bail resources; no failures to appear.) The facts underlying this conclusion are Medrano's criminal history; gang involvement; criminal activity while under supervision; and the nature and weight of the evidence on the present charge. The Court gave little weight to the prosecution's assertion that Medrano is an uncharged suspect in a 2019 homicide and 2021 shooting. The Court also lacked enough information to determine whether a Kern County protective order applies to the defendant.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: May 15, 2024

Nathanael M. Cousins
United States Magistrate Judge