# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BERTIN MEDRANO,<br>Defendant. | Case No. 24-cr-00226-BLF-5<br><br>**ORDER DENYING MOTION TO REVOKE DETENTION ORDER**<br><br>[Re: ECF No. 87] |

Defendant Bertin Medrano moves to revoke the detention order issued by the magistrate judge. ECF No. 87; ECF No. 104 ("Mot."); ECF No. 115 ("Reply"). The Government opposes. ECF No. 108 ("Opp."). The Court heard argument on June 11, 2024. For the reasons discussed at the hearing and below, Defendant's motion is DENIED.

## I. BACKGROUND

Defendant Bertin Medrano is one of eleven defendants charged with Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d). ECF No. 1. As with the other defendants, the Government alleges that Medrano knowingly and intentionally agreed to participate in the affairs of the Salinas Acosta Plaza ("SAP") gang, and agreeing that a defendant co-conspirator would commit at least two racketeering acts in the conduct of the affairs of SAP. The indictment specifically lists Medrano in two overt acts—drug trafficking in August 2019, *see id.* ¶ 15(g), and robbery in April 2021, *see id.* ¶ 15(l).

The Government moved to detain Medrano at his arraignment on May 2, 2024. Both parties filed detention memoranda, ECF Nos. 60, 74, and the pre-bail report recommended detention. ECF No. 63. On May 6, 2024, counsel for Bertin Medrano appeared at the San Jose Courthouse for the scheduled Pretrial Services interview. The interview was reset and held on

1  May 10, 2024.  On May 13, 2024, Pretrial Services issued a Pre-Bail Report recommending
2  detention on the basis of risk of danger to the community.  ECF No. 63.  A detention hearing was
3  held on May 15, 2024, where Judge Cousins ordered Medrano detained based on his danger to the
4  community.  ECF No. 82.  Medrano filed a motion for revocation of the detention order under 18
5  U.S.C. § 3145(b) on May 16, 2024, ECF No. 87, and then a memorandum in support of his motion
6  on May 24, 2024, ECF No. 104.

## II.   LEGAL STANDARD

On an appeal of a magistrate judge's detention order, the Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990); *see also* 18 U.S.C. § 3145(a)(1).  The record is not limited to those facts that were presented to the magistrate judge. Rather, the court should "make its own 'de novo' determination of facts," and the "ultimate determination of the propriety of detention is [ ] to be decided without deference to the magistrate's ultimate conclusion." *Koenig*, 912 F.2d at 1193.

Under the Bail Reform Act of 1984, the court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a flight risk; the Government need not prove that both factors are present.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A defendant's danger to the community must be supported by clear and convincing evidence, but a defendant's flight risk need only be supported by a preponderance of the evidence.  *Id.*

The rules of evidence do not apply at a detention hearing.  18 U.S.C. § 3142(f).  It is well-settled that at a detention hearing, the Government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in the offense, the weight of the evidence, and other relevant factors.  *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 743 (1987).

\\

\\

### III. DISCUSSION

#### A. Authority for a Detention Hearing under § 3142(f)

Under the Bail Reform Act, the Court "shall hold" a detention hearing "in a case that involves" a crime of violence, an offense for which the maximum sentence is life imprisonment, an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, or any felony that involves the possession or use of a firearm. 18 U.S.C. § 3142(f)(1).

Defendant argues that the case against him does not involve any of the factors enumerated in § 3142(f)(1). Mot. at 2–3. The Government responds that the case "'involves' crimes of violence" and that "Medrano is a charged defendant in Count One, which specifically describes the pattern of racketeering activity as consisting of 'multiple acts involving murder.'" Opp. at 7 (citing ECF No. 1 ¶¶ 5–7, 9a, 9b, 10a, 10b, 13(a)). The Government acknowledges, however, that Defendant is not named in any of the charged murders, *id.*, but notes that Medrano is named in the overt act of robbery listed in paragraph 15(l) of the indictment.

The Ninth Circuit has not directly addressed whether all overt acts of a racketeering conspiracy are imputed onto a defendant when he is not named in those overt acts. The parties rely on conflicting out-of-circuit authority for their positions. The Government cites *United States v. Byrd*, where the Fifth Circuit held, "it is not necessary that the charged offense be a crime of violence; only that the case involve a crime of violence or any one or more of the § 3142(f) factors." 969 F.2d 106, 110 (5th Cir. 1992). Defendant relies on *United States v. Watkins*, which held that in order to qualify for a detention hearing under § 3142(f)(1)(A), the charged offense(s) must constitute a crime of violence. 940 F.3d 152, 165 (2d Cir. 2019).

The Court finds *Watkins* more persuasive and well-reasoned. As *Watkins* explains, "[w]hen Congress enacted the Bail Reform Act, it intended to limit the availability of detention hearings to individuals who are actually charged with certain enumerated offenses." *Id.* at 164. Thus, "it is not enough to show that a significant factual nexus exists between the charged offense and a crime of violence." *Id.* at 167. "The threshold decision to hold a pretrial detention hearing under § 3142(f)(1)(A) of the Bail Reform Act rests on a judicial determination that the defendant

3

is charged with a crime of violence." *Id.*

Under *Watkins*, the only crime of violence relevant to this inquiry is robbery charged in paragraph 15(l) of the indictment. There, the Government alleges that on or about April 27, 2021, Defendant and others "robbed a man perceived to be associated with a rival gang of his gold chain after assaulting him at a mall in Salinas, CA." ECF No. 1 ¶ 15(l). Defendant was previously charged in state court in connection with the incident and pled guilty to felony violation of California Penal Code § 32, accessory after the fact (knowledge of crime), and misdemeanor violation of California Penal Code § 186.22(a), participation in a criminal street gang. ECF No. 115-1 at 14, 18–19.

A police report summarizes witness testimony and corroborating security footage that describes the events surrounding the alleged robbery. *See* ECF No. 104-1 at 18–22. As the Government acknowledges, Medrano was present throughout the incident, but only watched and did not participate in the robbery. Opp. at 10; *see* ECF No. 104-1 at 18–22. However, Medrano "is seen in the background watching the fight and, although he does not strike [the victim], he does not intervene to stop the fight." *Id.* at 21. The police report explains that after the alleged robbery, Medrano led the three other SAP members back to Medrano's white Toyota Tacoma, and they drove to a different parking lot where Medrano dumped his black and red checkered jacket and left his vehicle. *Id.* These facts do not portray Medrano as a casual observer or innocent bystander, but instead as someone directly involved with aspects of the robbery. Under the standard described in *Watkins*, the Government has met its burden of proof that it is entitled to a detention hearing under § 3142(f)(1). The robbery alleged as an overt act against Medrano in paragraph 15(l) "involves a crime of violence." That Medrano may not have personally committed violence is immaterial given the charge against him and his involvement in the robbery. Thus, the Government has satisfied the requirements of § 3142(f)(1).

**B.     Danger to the Community**

As discussed above, detention is appropriate only upon a showing by clear and convincing evidence that a defendant is a danger to the community. *Motamedi*, 767 F.2d at 1406.

Defendant argues that he is not a danger to the community because "[h]e does not have a

4

violent criminal record" and "the record does not evidence any present and ongoing participation in [SAP] such as to render him a danger to the community." Mot. at 7. The Government argues in response that Defendant is a suspect in several shootings, Opp. at 9–10, that Defendant's conduct in the alleged robbery shows that he encourages violence, *id.* at 10–11, and that Defendant is involved in drug trafficking and firearm possession. *Id.* at 11.

"Under the Bail Reform Act, pretrial detention is permitted only if a judicial officer determines that there is no condition of release, or combination of conditions, which would reasonably assure the appearance of the defendant and the safety of the community." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019) (citing 18 U.S.C. § 3142(e)(1)). For this analysis, "the Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *Id.* at 1199. The four § 3142(g) factors are "(1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986) (internal quotation omitted); *see* 18 U.S.C. § 3142(g). The Court assesses the first two factors together, then second two factors together.

The first factor, the "nature and circumstances of the offense charged," and second factor, the "weight of the evidence against the defendant," weigh against Defendant. As an initial matter, the Court does not consider any uncharged conduct in its analysis. *See* 18 U.S.C. § 3142(g)(1). However, as described above, the Government alleges that Defendant had a direct role in the robbery charged in paragraph 15(l) of the indictment, which the Court finds is a crime of violence. *See supra*. Furthermore, there is substantial evidence in support of the allegations, including security camera footage and witness testimony. The evidence shows that Defendant was with three alleged gang members when they confronted another person, challenged his gang affiliation, yanked his gold chain off his neck, and fought that person. ECF No. 104-1 at 18–21. Defendant stood back from the brawl, but afterwards fled with his companions to Defendant's truck, where

they drove away. *Id.* Defendant was charged for this conduct in state court and pled guilty to being an accessory to the robbery after the fact and participation in a criminal street gang. ECF No. 115-1 at 18–19; ECF No. 104-1 at 18–21; ECF No. 63 at 8–9. Because the crime alleged in paragraph 15(l) is clearly a crime of violence and the evidence of Defendant's involvement in the crime is strong, both factors weigh strongly against release. 18 U.S.C. § 3142(g)(1).

The third factor, history and character, and fourth factor, "the nature and seriousness of the danger to any person or to the community," also weigh against Defendant. Defendant puts forth evidence for this factor in support of his release. For example, Defendant is employed, takes an active role in raising his child, and has a stable long-term relationship. *See* Reply at 7. At the hearing, Defendant's counsel also represented that Defendant stopped drinking alcohol. But these positive factors are outweighed by Defendant's extensive criminal history. For example, Defendant was convicted in 2018 for felon in possession of a firearm and in 2019 for misdemeanor sale of marijuana. ECF No. 63 at 5–9. Defendant also has a documented history of long-term involvement with the SAP gang. ECF No. 63 at 7, 9. The Government has presented very strong evidence that Defendant poses a threat to community safety. Because of Defendant's history and the threat to community safety, both factors weigh strongly against release. 18 U.S.C. § 3142(g)(1).

The set of conditions proposed by Defendant, *see* Mot. at 10, including staying away from certain areas and being in the custody of his longtime girlfriend, do not ensure safety to the community. Acts of violence can happen in any location at any time, his girlfriend lives in Salinas where all these past gang incidents have occurred, and his girlfriend was present in his life for the past eight years during which time he was involved in the many criminal acts listed above and there is no plausible reason to believe that she will be able to exert any control over Defendant's conduct. As such, the Court finds that there is no condition or combination of conditions that can reasonably assure the safety of any other person and the community.

Thus, the Court concludes for these reasons and those stated on the record that the Government has shown by clear and convincing evidence that Defendant is a danger to the community and that no condition or combination of conditions can reasonably assure the safety of

6

the community or his appearance. Accordingly, the Court DENIES Defendant's motion for revocation of the detention order.

### C. Flight Risk

Because the Government has shown by clear and convincing evidence that Defendant is a danger to the community, the Court need not address whether Defendant is a flight risk. *Motamedi*, 767 F.2d at 1406.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to revoke Judge Cousins' detention order is DENIED.

Dated: June 17, 2024

_____
BETH LABSON FREEMAN
United States District Judge